## RABB v. McADAMS.

[No. 20,118.    Filed April 29, 1903.]

COURTS.—*Construction of Act Changing Term.*—Section 1 of the act of
March 9, 1903, provides that "hereafter the circuit court in Foun-
tain county shall begin on the last Monday in August of each
year and continue for five weeks." Section 2 is an emergency
clause.    *Held,* that the act does not change the time of holding
court in said circuit until the last Monday in August which was
the beginning of the court year under said act.

From Tippecanoe Circuit Court; *R. P. De Hart,* Judge.

Suit by Charles V. McAdams against Joseph M. Rabb,
Judge of the Warren Circuit Court, to enjoin the latter
from convening court on certain days.    From a judgment
for plaintiff, defendant appeals.    *Reversed.*

*J. M. Rabb,* for appellant.
*C. V. McAdams,* for appellee.

MONKS, J.—On March 9, 1903, the following act was
approved by the Governor and filed in the office of the
Secretary of State: "Section 1.    That hereafter the cir-
cuit court of Fountain county, Indiana, shall begin on the
last Monday in August of each year and continue for five
weeks, and in Warren county, Indiana, on the Monday fol-
lowing the term of court in Fountain county, and shall
continue in session three weeks, and in Benton county on
the Monday following court in Warren county, and shall
continue in session three weeks, and in Fountain county
again on the Monday following the court in Benton county,
and terms of court in each county shall continue in the
order above named and be continuously in session until the
court in each county has held four terms of court during
the year.    It is intended by the foregoing that the terms of
court shall continue for the length of time above mentioned,
provided the business of such court shall demand. Section
2.    Whereas an emergency exists for the immediate taking

effect of this act, the same shall be in effect from and after its passage." Acts 1903, p. 321.

The question presented by this appeal is whether or not said act changes the time of holding court in said circuit before the last Monday in August, 1903. It is expressly provided in said act that: "Hereafter the circuit court in Fountain county shall begin on the last Monday in August of each year and continue for five weeks." The commencement of the court year is thereby fixed on the last Monday of August, 1903, and on the last Monday of August each year thereafter. It will be observed that the times for holding all the terms of court in said circuit, except the one commencing in Fountain county on the last Monday of August, are dependent upon, and must be determined from, that day. By the express provisions of said act the first term of court to be held thereunder commences in Fountain county on the last Monday of August after the taking effect of said act, which is August, 1903, the day of the beginning of the court year. No provision is made in said act for any term of court before that date, but all the terms of court provided for therein must be held on and after that date. It is clear that by its own terms said act shows that it does not change the time of holding court in said circuit until the beginning of the court year under said act. As said act of 1903, *supra,* has no repealing clause the act approved March 8, 1901 (Acts 1901, pp. 171, 172), fixing the time for holding court in said circuit, will be in force until the expiration of the court year as fixed by said last-named act.

No question concerning the jurisdiction of the court below is argued by the parties, and the same is not considered or determined.

Judgment reversed